**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| JOHN BUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV138 FRB |
| | ) |
| CHUCK DWYER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of John Buff (registration no. 185127), an inmate at Missouri's Eastern Reception, Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.33. See 28 U.S.C. § 1915(b)(1).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment

of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $31.63, and an average monthly balance of $14.52. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.33, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while incarcerated at Missouri's Southeast Correctional Center (SCC). Named as defendants are Chuck Dwyer (Superintendent, SCC), Laura Vance (Assistant Superintendent), Johnnie Williams (Prisoner Classification Staff), Yvonne Moore (same), Dawn Horn (same), Jackie Cooper (same), Dan Martinez (Correctional Officer), Alex Clinton (same), Christy Clinton (same), Lance Gordon (same), Clarence Busby (same), Dr. Gary Derrick (Director of Mental Health), John Darrin (unknown), Unknown Collins (Correctional Officer), Unknown Faulkner (same), Unknown Thompson (same), and twelve unknown SCC employees. Plaintiff seeks declaratory, injunctive, and monetary relief.

Liberally construed, the complaint alleges the following facts. Plaintiff was transferred to SCC from Potosi Correctional Center on January 25, 2006, for safety reasons. Upon transfer to SCC, plaintiff was placed in administrative segregation due to overcrowding in the general population area. On January 31, 2006, plaintiff was assaulted by several masked prisoners, causing injuries to his head, mouth, and eyes. The masked prisoners also stole plaintiff's shoes.

After the assault, plaintiff informed defendants Clarence Busby, Christy Clinton and correctional officers Morton, Harris, and Harper[1] of the assault and the theft. The correctional officers told plaintiff that they would not investigate the assault and theft unless plaintiff told them the names, prison registration numbers, and cell numbers of his assailants. Plaintiff told the correctional officers that he could not identify the assailants because they were masked and because he had been at SCC for only a few days. Busby, Clinton, and the other three correctional officers refused to investigate the incident.

---

[1]Correctional officers Morton, Harris, and Harper are not named as defendants in the caption of the complaint. Fed. R. Civ. P. 10(a). However, plaintiff refers to Morton, Harris, and Harper as defendants in the body of the complaint. For the limited purpose of reviewing this case pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will evaluate plaintiff's claims against Morton, Harris, and Harper as if plaintiff had properly named them as defendants in this case.

Correctional officers Harris and Harper later issued a conduct violation to plaintiff for reporting that he was assaulted by unknown assailants. Defendant Dawn Horn sent plaintiff to administrative segregation for forty days based on the conduct violation. Defendants Williams, Moore, Vance, and Dwyer upheld the conduct violation and disciplinary sanctions.

During February 2006, plaintiff notified defendants Dwyer, Vance, Williams, Moore, and Cooper that he needed protective custody because of the January 31 assault.

On March 3, 2006, defendants Moore, Horn, and Martinez held a classification hearing to determine whether plaintiff should be returned to the general population. During the hearing, Moore demanded to know the names of the prisoners that attacked plaintiff. Moore told plaintiff that if he did not tell her the names of the prisoners, she would send him to the general population. At the conclusion of the hearing, Moore, Horn, and Martinez ordered plaintiff to the general population. The following day, defendants Alex Clinton and Lance Gordon returned plaintiff to general population from administrative segregation.

On March 7, 2006, defendants Faulkner and John Does 2-8 opened plaintiff's cell door and allowed two prisoners to enter plaintiff's cell and stab him while he was sleeping.

Following the alleged stabbing, Dr. Derrick placed plaintiff on suicide watch.

**Discussion**

**A.   Attacks by Other Inmates**

> To prevail in a suit under 42 U.S.C. 1983, an inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate "must show something more than mere inadvertence or negligence. He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates."

Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (quoting Miller v. Solem, 728 F.2d 1020, 1025 (8th Cir. 1984); see Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (deliberate indifference limited to intentional, knowing, or recklessness in the criminal law context which requires actual knowledge of a serious risk). "To establish 'reckless disregard' by prison officials, an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." Andrews, 929 F.2d at 1330.

> A "pervasive risk of harm,"
>
> requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures. *In every case, a "pervasive risk" is something more than a single incident and something less than a riot.*

Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992) (emphasis added).

Plaintiff's claims relating to the first alleged assault fail to state a claim under § 1983 because plaintiff has not alleged sufficient facts to establish that defendants were deliberately indifferent to his constitutional rights. That is, plaintiff has not alleged that defendants knew he would be attacked, nor has plaintiff alleged that a pervasive risk of harm existed and that defendants failed to reasonably respond to that risk. As a result, plaintiff's claims against defendants Christy Clinton, Clarence Busby, and correctional officers Morton, Harris, and Harper shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims relating to the second alleged assault survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order that defendants Moore, Horn, Martinez, and Faulkner respond to the allegations in the complaint. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2).

**B.   John Doe Defendants**

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently

specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).

In this case, plaintiff has failed to make sufficiently sufficient allegations to permit the discovery of the identity of the John Doe Defendants. As a result, they will be dismissed from the case. If plaintiff later learns the identity of the John Doe defendants, the Court will consider a properly filed motion to amend the complaint pursuant to Fed. R. Civ. P. 15.

## C. Defendants not Directly Involved in Alleged Deprivation of Rights

Plaintiff's allegations against Dwyer, Vance, Williams, Cooper, Alex Clinton, Gordon, Darrin, Collins, Thompson and Dr. Derrick are legally frivolous because plaintiff has not alleged sufficient facts to show that they were personally involved in or directly responsible for the circumstances leading to the alleged stabbing. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits); Estelle v. Gamble, 429 U.S. 97, 106 (1976)(to state

claim for medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs; allegations of mere negligence in giving or failing to supply medical treatment will not suffice).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Chuck Dwyer, Laura Vance, Johnnie Williams, Jackie Cooper, Alex Clinton, Christy Clinton, Lance Gordon, Clarence Busby, Dr. Gary Derrick, John Darrin, Unknown Collins, or Unknown Thompson because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Yvonne Moore, Dawn Horn, Dan Martinez, and Unknown Faulkner, the Clerk shall issue process or cause process to issue upon the complaint.[2]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Yvonne Moore, Dawn Horn, Dan Martinez, and Unknown Faulkner shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 18th day of December, 2006.

_Catherine D. Perry_
UNITED STATES DISTRICT JUDGE

---

[2]These defendants are alleged to be found at Missouri's Southeast Correctional Center.