UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN BUFF, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:06CV00138 ERW ) |
| CHUCK DWYER, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on John Buff's ("Plaintiff") Motion to Amend Original Complaint Out of Time [doc. # 36] and Discovery Motion Requesting Extension Time [doc. #39].

### I. BACKGROUND

Plaintiff's original complaint was filed on September 25, 2006. Plaintiff alleges that he was transferred to the Southeast Correctional Center ("SCC") from the Potosi Correctional Center on January 25, 2006 for safety reasons. After being transferred to SCC, Plaintiff claims that he was assaulted by several masked prisoners, causing injuries to his head, mouth, and eyes. He also states that these individuals stole his shoes.

Plaintiff asserts that he reported the incident to five correctional officers. Plaintiff claims that these officers responded that they would not investigate the incident unless Plaintiff told them the names, prison registration numbers, and cell numbers of his assailants. Plaintiff could not identify his assailants because they were masked and because he had only been at SCC for a few days, and these correctional officers allegedly refused to investigate the incident.

Two of the correctional officers later issued a conduct violation to Plaintiff for reporting that he was assaulted by unknown assailants, and Plaintiff was sent to administrative segregation

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

based on this conduct violation and for evaluation for protective custody.  The conduct violation and disciplinary sanctions were upheld by the Prisoner Classification Staff as well as the Superintendent and Assistant Superintendent of the SCC.

In February 2006, Plaintiff states that he notified the Prisoner Classification Staff along with the Superintendent and Assistant Superintendent that he needed protective custody because of the January 31, 2006 assault.  On March 3, 2006, a classification hearing was held.  The purpose of this hearing was to determine whether Plaintiff should be returned to the general population.  Plaintiff claims that during the hearing he was told that if he did not say the names of the individuals who attacked him, he would be sent to general population housing.  Plaintiff was moved to the general population housing on March 4, 2006.  Plaintiff states that on March 7, 2006, Mary Ann Faulkner, a correctional officer, opened Plaintiff's cell door and allowed two prisoners to enter Plaintiff's cell and stab him while he was sleeping.

Plaintiff originally brought this complaint against the Superintendent, Assistant Superintendent, four members of the Prisoner Classification Staff, eight correctional officers, the Director of Mental Health, one individual whose position is unknown to the Court, and twelve unknown SCC employees.  Plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff's claims against defendants Laura Vance[1] and Alex Clinton, Lance Gordon, Christy Clinton and Unknown Thompson[2] were dismissed without prejudice in an order dated December 12, 2006.[3]  The claims against Christy Clinton were dismissed because Plaintiff did not

---

[1] The Assistant Superintendent at SCC.

[2] A. Clinton, Gordon, C. Clinton, and Thompson are all correctional officers at SCC.

[3] In this order, Plaintiff's claims against several other individuals were dismissed, however, Plaintiff does not seek to amend his complaint to add these individuals.  Plaintiff only asks to amend his complaint to add claims against the five individuals listed above.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

allege sufficient facts to establish that she was deliberately indifferent to his constitutional rights, while the claims against the other defendants were dismissed because Buff did not plead sufficient facts demonstrating that these officials were either personally involved or directly responsible for the circumstances leading to Plaintiff's alleged stabbing. Plaintiff now seeks to amend his complaint to add these defendants, and also asks the Court to extend the discovery deadline set by the Case Management Order.

**II.     DISCUSSION**

**A.      MOTION TO AMEND COMPLAINT**

The Case Management Order set a deadline for the joinder of parties and the amendment of pleadings on November 15, 2007. Plaintiff states that on November 10, 2007, he placed an amended complaint into the institutional mailbox, and that this complaint was addressed to the Court and possessed proper postage. From December 7, 2007 to January 10, 2008, Plaintiff was assigned to administrative segregation. While in administrative segregation, Plaintiff was on 'limited property status' and never received his legal file. On December 14, Plaintiff requested a copy of the Docket Sheet in this case. When he received the Docket Sheet on December 26, 2007, he learned that the amended complaint had not been received by the Court. Plaintiff has since discovered that prisoners had been stealing the stamps off of mail from the housing unit mailboxes, and believes that the postage affixed to his amended complaint was stolen. Plaintiff was unable to re-send his amended complaint until he was released from administrative segregation, and asks the Court to accept his amended complaint.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Absent good reason for denial, such as undue delay, dilatory motive, undue prejudice, or bad faith, a request for leave to amend should be granted. *Thompson-El v. Jones*, 876 F.2d 66,

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

67 (8th Cir. 1989). There is no evidence that Plaintiff has acted with a dilatory motive or bad faith, or that he is attempted to cause undue delay. Defendants assert they will suffer undue prejudice if this amendment is permitted, however, extending the discovery deadline[4] established by the Case Management Order will eliminate this prejudice.

Defendants argue that Plaintiff's Motion should be denied as Plaintiff has still failed to allege sufficient facts to warrant joinder of these prison officials. As discussed above, the claims against Christy Clinton were dismissed because Plaintiff did not allege sufficient facts to establish that she was deliberately indifferent to his constitutional rights. In his amended complaint Plaintiff alleges that Christy Clinton was one of the correctional officers Plaintiff notified after he was assaulted and his shoes were stolen on January 31, 2005. Additionally, Plaintiff states that on March 6, 2005, after he was moved into general population housing, Plaintiff approached Christy Clinton and told her of the previous attack and stated "that he was in fear for his life based on the threats made by his assailants." Plaintiff then asked Christy Clinton for protective custody and declared three inmates as his enemies. Plaintiff alleges that Christy Clinton did not act on his request and did nothing to protect Plaintiff. These allegations are sufficient to allow Plaintiff to amend his complaint to add Christy Clinton as a Defendant as they indicate that Christy Clinton was aware of the risk of harm to Plaintiff and failed to act on that risk.

The claims against Alex Clinton and Lance Gordon were dismissed as Buff did not plead sufficient facts demonstrating that these officials were either personally involved or directly responsible for the circumstances leading to Plaintiff's stabbing. In his amended complaint, Plaintiff alleges that Alex Clinton and Lance Gordon told Plaintiff on March 4, 2005, that they were going to remove Plaintiff from administrative segregation and put him into the general

---

[4] Plaintiff has also filed a motion to extend discovery.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

population. Plaintiff states that he responded by requesting protective custody from Alex Clinton and Lance Gordon, and that he made this request both verbally and in writing. Plaintiff states that Alex Clinton and Lance Gordon disregarded his request and instead "physically forced the Plaintiff into general population housing." These claims are sufficient to allow Plaintiff to amend his complaint to add these two individuals as Defendants.

The claims against Unknown Thompson were also dismissed as Buff did not plead sufficient facts demonstrating that Unknown Thompson was either personally involved or directly responsible for the circumstances leading to Plaintiff's stabbing. This deficiency has been remedied in Plaintiff's amended complaint, which Plaintiff states that on March 6, 2005, after he was moved into general population housing, Plaintiff approached Unknown Thompson and told him of the previous attack and stated "that he was in fear for his life based on the threats made by his assailants." Plaintiff then asked Unknown Thompson for protective custody and declared three inmates as his enemies. Plaintiff alleges that Unknown Thompson did not act on his request and did nothing to protect Plaintiff. These allegations are sufficient to allow Plaintiff to amend his complaint to add Unknown Thompson as a Defendant as they demonstrate that he was personally involved in the circumstances leading to Plaintiff's stabbing.

Finally, the claims against Laura Vance were dismissed as Buff did not plead sufficient facts demonstrating that Laura Thompson was either personally involved or directly responsible for the circumstances leading to Plaintiff's stabbing. Laura Vance was the Associate Superintendent at the time of the attack. As Defendants correctly note, Laura Vance cannot be liable under 42 U.S.C. § 1983 on the basis of respondent superior. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983). However, in his amended complaint, Plaintiff does not seek to recover from Laura Vance on the basis of respondent superior. Plaintiff alleges that Laura Vance

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

was aware of the first attack and that she ordered him to be confined in administrative segregation for protective custody assessment. Plaintiff also alleges that Laura Vance was the prison official who ordered Plaintiff to be removed from protective custody and reassigned to general population housing. Accordingly, Plaintiff will be allowed to amend his complaint to add Laura Vance as a Defendant as these allegations demonstrate that Laura Vance was personally involved in the circumstances leading to Plaintiff's stabbing.

## B. OFFICIAL OR INDIVIDUAL CAPACITY

In Plaintiff's original complaint, his claims were brought against Defendants in both their individual and official capacity, however, in the amended complaint which Plaintiff has submitted to the Court, he now states only that he is bringing this suit against Defendants in their official capacity. Plaintiff is a *pro se* litigant, and it is unclear if he realizes that he now fails to state a claim as he has failed to allege a government custom or policy that played a role in the violation of federal law.[5] *See Forest Park II v. Hadley*, 408 F.3d 1052, 1059 (8th Cir. 2005). The Court will permit Plaintiff to file a second amended complaint to add the requested relief and to clarify if he brings this action against Defendants in their individual capacities, official capacities, or both. Plaintiff's second amended complaint must be filed before March 28, 2008.

## C. MOTION TO EXTEND TIME FOR DISCOVERY

Defendants do not object to Plaintiff's request, and as the Court is granting Plaintiff's Motion and allowing Plaintiff additional time to file a second amended complaint, additional time for discovery is necessary.

## III. CONCLUSION

---

[5] For a thorough discussion of the difference between personal capacity and individual capacity lawsuits, see *Kentucky v. Graham.* 473 U.S. 159 (1985).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Original Complaint Out of Time [doc. # 36] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Discovery Motion Requesting Extension Time [doc. #39] is **GRANTED.**

**IT IS FURTHER ORDERED** that the following schedule shall now apply in this case :

I.  **SCHEDULING PLAN**

1. Plaintiff shall file his Second Amended Complaint no later than **March 28, 2008**. Defendants shall file an Answer to the Second Amended Complaint no later than **April 18, 2008**.

2. No later than **April 25, 2008**, each party shall disclose to the other party the following:

   (a) Plaintiff shall submit to the Defendant a list, including addresses, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim.

   (b) Plaintiff shall submit to the Defendant all documents that plaintiff believes mention, relate to, or in any way support Plaintiff's claim.

   (c) Defendant(s) shall submit to the Plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to Plaintiff's claim, subject to the following exception. In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through Defense counsel; Defendant(s) shall provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.

   (d) Defendant(s) shall provide a description, by category and location, of all documents which are relevant to the facts giving rise to plaintiff's claim. Defendant(s) shall, at their option, provide copies of the described documents to the plaintiff, or allow plaintiff to inspect the documents and obtain copies, with the following exceptions. Defendant(s) need not produce individual files of other prisoners who are not parties to the action. Defendant(s) may object to the disclosure of documents by serving written objections upon the plaintiff, in lieu of producing the documents to which the objections apply.

   Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

3. Following disclosure each party may engage in discovery under the Federal Rules of Civil Procedure but <u>all</u> discovery in this case must be completed by **May 23, 2008**. Parties shall file motions to compel in a prompt manner and in no event after the discovery deadline.

4. Defendants are granted leave of Court, pursuant to Fed. R. Civ. P. 30(a), to take the deposition of plaintiff, upon reasonable notice.

5. The Court will not entertain any motion to stay discovery or disclosure based upon the defense of qualified immunity unless such a motion is accompanied or preceded by a detailed brief setting forth the specific factual and legal reasons (with appropriate case citations) qualified immunity applies to this case.

7. Any motion for summary judgment must be filed no later than **July 31, 2008**. Failure to file such a motion within that time period will waive a party's right to do so before trial.

This order specifically preempts any provision of local rule to the contrary. It is anticipated that if a summary judgment motion is filed, the case will not be set for trial until after the motion has been ruled upon. If no motion for summary judgment is filed by the date set above, the case will be set for trial forthwith.

Dated this <u>10th</u> Day of <u>March</u>, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com