UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN BUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:06CV00138 ERW |
| ) | |
| CHUCK DWYER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on John Buff's ("Plaintiff") Request to File Second Amended Complaint Out of Time Due to Extraordinary Circumstances [doc. #43]. In the Court's Memorandum and Order dated March 10, 2008 [doc. #42], the Court ordered Plaintiff to file his Second Amended Complaint no later than March 28, 2008. In his Motion, Plaintiff states that he was confined in administrative segregation and unable to communicate with the institution's law clerk. He states that as a result, he was unable to retrieve his Second Amended Complaint and legal file from the institution's law clerk and could not file his Second Amended Complaint by the Court's deadline. There is no evidence that Plaintiff has acted with a dilatory motive or bad faith, or that he is attempting to cause undue delay, and the Court will grant Plaintiff's Motion. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request to File Second Amended Complaint Out of Time Due to Extraordinary Circumstances [doc. #43] is **GRANTED.**

**IT IS FURTHER ORDERED** that the following schedule shall now apply in this case:

1. Defendants shall file an Answer to the Second Amended Complaint no later than **April 28, 2008**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

2. No later than **May 5, 2008**, each party shall disclose to the other party the following:

    (a) Plaintiff shall submit to the Defendant a list, including addresses, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim.

    (b) Plaintiff shall submit to the Defendant all documents that plaintiff believes mention, relate to, or in any way support Plaintiff's claim.

    (c) Defendant(s) shall submit to the Plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to Plaintiff's claim, subject to the following exception. In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through Defense counsel; Defendant(s) shall provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.

    (d) Defendant(s) shall provide a description, by category and location, of all documents which are relevant to the facts giving rise to Plaintiff's claim. Defendant(s) shall, at their option, provide copies of the described documents to the plaintiff, or allow plaintiff to inspect the documents and obtain copies, with the following exceptions. Defendant(s) need not produce individual files of other prisoners who are not parties to the action. Defendant(s) may object to the disclosure of documents by serving written objections upon the Plaintiff, in lieu of producing the documents to which the objections apply.

    Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just.

3. Following disclosure each party may engage in discovery under the Federal Rules of Civil Procedure but <u>all</u> discovery in this case must be completed by **June 2, 2008**. Parties shall file motions to compel in a prompt manner and in no event after the discovery deadline.

4. Defendants are granted leave of Court, pursuant to Fed. R. Civ. P. 30(a), to take the deposition of Plaintiff, upon reasonable notice.

5. The Court will not entertain any motion to stay discovery or disclosure based upon the defense of qualified immunity unless such a motion is accompanied or preceded by a detailed brief setting forth the specific factual and legal reasons (with appropriate case citations) qualified immunity applies to this case.

6. Any motion for summary judgment must be filed no later than **August 11, 2008**. Failure to file such a motion within that time period will waive a party's right to do so before trial.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

This order specifically preempts any provision of local rule to the contrary. It is anticipated that if a summary judgment motion is filed, the case will not be set for trial until after the motion has been ruled upon. If no motion for summary judgment is filed by the date set above, the case will be set for trial forthwith.

Dated this 7th day of April, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com