UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOHN BUFF,                        )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )        Case No. 1:06CV00138 ERW
                                  )
CHUCK DWYER, et al.,              )
                                  )
        Defendants.               )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for leave to file Third Amended

Complaint [doc. # 73] and Plaintiff's Motion for Appointment of Counsel [doc. #74], and

Defendants' Motion for Extension of Summary Judgment Deadline [doc. #78].

## I.    BACKGROUND

Plaintiff's original complaint was filed on September 25, 2006. Plaintiff alleges that he

was transferred to the Southeast Correctional Center ("SCC") from the Potosi Correctional

Center on January 25, 2006 for safety reasons. After being transferred to SCC, Plaintiff claims

that he was assaulted by several masked prisoners, causing injuries to his head, mouth, and eyes.

He also states that these individuals stole his shoes.

Plaintiff asserts that he reported the incident to five correctional officers. Plaintiff claims

that these officers responded that they would not investigate the incident unless Plaintiff told them

the names, prison registration numbers, and cell numbers of his assailants. Plaintiff could not

identify his assailants because they were masked and because he had only been at SCC for a few

days, and these correctional officers allegedly refused to investigate the incident.

Two of the correctional officers later issued a conduct violation to Plaintiff for reporting

that he was assaulted by unknown assailants, and Plaintiff was sent to administrative segregation

based on this conduct violation and for evaluation for protective custody. The conduct violation and disciplinary sanctions were upheld by the Prisoner Classification Staff as well as the Superintendent and Assistant Superintendent of the SCC.

In February 2006, Plaintiff states that he notified the Prisoner Classification Staff along with the Superintendent and Assistant Superintendent that he needed protective custody because of the January 31, 2006 assault. On March 3, 2006, a classification hearing was held. The purpose of this hearing was to determine whether Plaintiff should be returned to the general population. Plaintiff claims that during the hearing he was told that if he did not say the names of the individuals who attacked him, he would be sent to general population housing. Plaintiff was moved to the general population housing on March 4, 2006. Plaintiff states that on March 7, 2006, correctional officers opened Plaintiff's cell door and allowed two prisoners to enter Plaintiff's cell and stab him while he was sleeping.

Plaintiff's Second Amended Complaint was filed on April 7, 2008. This Complaint was brought against Yvonne Moore, Dawn Horn, Dan Martinez,[1] Laura Vance,[2] Mary Ann Faulkner, Alex Clinton, Lance Gordon, Christy Clinton and Unknown Thompson.[3] Plaintiff sought declaratory and monetary relief. Plaintiff now seeks to amend his complaint for a third time. He states that the allegations against the Defendants listed above have not changed, and that he seeks to amend his complaint to add six defendants: Kevin McKay, Travis Jackson, Donald Beck,

---

[1] Yvonne Moore, Dawn Horn and Dan Martinez are SCC classification hearing officers.

[2] Laura Vance is the Assistant Superintendent at the SCC.

[3] Mary Ann Faulkner, Alex Clinton, Lance Gordon, Christy Clinton and Unknown Thompson are all correctional officers at the SCC.

Walter Harris, Eric Harper[4] and Jackie Cooper.[5] Plaintiff states that he seeks to add these six individuals as defendants based on information that has been gathered through the discovery process and states that the delay in making this request to amend occurred because he was in administrative segregation and not in possession of his legal files.

## II.    DISCUSSION

## A.    MOTION TO AMEND COMPLAINT

The Case Management Order originally set a deadline for the joinder of parties and the amendment of pleadings on November 15, 2007. The Court allowed Plaintiff to file his Second Amended Complaint on April 7, 2008, because the Court found that Plaintiff had not acted with a dilatory motive, or in bad faith. The Court again finds that no such motive is present, and will allow Plaintiff leave to amend his complaint this final time. Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Absent good reason for denial, such as undue delay, dilatory motive, undue prejudice, or bad faith, a request for leave to amend should be granted. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). There is no evidence that Plaintiff has acted with a dilatory motive or bad faith, or that he is attempted to cause undue delay.

Defendants argue that Plaintiff's Motion should be denied as Plaintiff has still failed to allege sufficient facts to warrant joinder of these prison officials. Plaintiff named these six individuals in his original complaint, and his claims against them were dismissed for a variety of reasons. The Court will consider Plaintiff's allegations against these six individuals.

---

[4] Kevin McKay, Travis Jackson, Donald Beck, Walter Harris and Eric Harper are correctional officers at the SCC.

[5] Jackie Cooper is a classification officer at the SCC.

3

The Court dismissed Plaintiff's claims against Walter Harris and Eric Harper for failing to allege sufficient facts to establish that they were deliberately indifferent to his rights. The Court's review of the pleadings demonstrates that Plaintiff has not alleged any facts against Walter Harris that were not included in his original complaint. These facts were not sufficient to establish that Walter Harris was indifferent to Plaintiff's rights, and they are still insufficient. However, Plaintiff has now alleged additional facts against Eric Harper. Specifically, Plaintiff alleges that he asked Eric Harper for protective custody. Accordingly, the Court will allow Plaintiff to join Eric Harper.

The Court dismissed Plaintiff's claims against Kevin McKay, Travis Jackson and Donald Beck on review under 28 U.S.C. § 1915(e). These individuals were named in the original complaint as John Doe's # 2, 3, and 4. The Court dismissed the claims against these three individuals because Plaintiff failed to provide sufficient allegations against the John Does that would enable them to be identified through discovery. As Plaintiff has now identified these individuals, this rationale is no longer valid, and Plaintiff's claims against Kevin McKay, Travis Jackson and Donald Beck will be permitted.

Finally, Plaintiff seeks to add Jackie Cooper as a defendant to this suit. Plaintiff's claims against Jackie Cooper were dismissed because the Court found that Plaintiff did not plead sufficient facts to establish that Jackie Cooper was personally involved in or directly responsible circumstances leading to Plaintiff's stabbing. In his Third Amended Complaint, Plaintiff has pled additional facts which detail Jackie Cooper's role in investigating the grievance Plaintiff filed after the first attack. Plaintiff states that Jackie Cooper failed to timely investigate Plaintiff's grievance and did not provide Plaintiff with the proper due process, which resulted in the denial of Plaintiff's

request for protective custody.  The Court finds that these allegations are sufficient, at this time, for Plaintiff's claims against Jackie Cooper to be joined to this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for leave to file Third Amended Complaint [doc. # 73] is **GRANTED, in part, and DENIED, in part.**  It is **GRANTED** as to Plaintiff's claims against Eric Harper, Kevin McKay, Travis Jackson, Donald Beck, and Jackie Cooper.  However, Plaintiff request for leave to amend his complaint to add claims against Walter Harris is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [doc. #74] is **DENIED** at this time, with leave to refile.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Summary Judgment Deadline [doc. #78] is **GRANTED.**  A new track 5B Case Management Order will be issued upon service and answer of the five added defendants.

Dated this <u>27th</u> Day of <u>August</u>, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE