UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN BUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:06CV00138 ERW |
| | ) |
| CHUCK DWYER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' First Motion for Reconsideration [doc. #141] and Plaintiff's Motion to Compel [doc. #146].

In its Order dated February 24, 2010, the Court ordered Defendants to produce for *in camera* review certain policies of the Missouri Department of Corrections ("MODOC"), in order to evaluate whether the policies are privileged or otherwise protected from disclosure to Plaintiff, an inmate at a MODOC facility. Having reviewed the submitted policies, the Court finds that Defendants will not be required to produce them to Plaintiff because they are not relevant to this litigation.

Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights. These claims are all individual capacity constitutional claims based on specific alleged action or inaction by Defendants; Plaintiff does not assert that his Eighth Amendment rights were violated through an unconstitutional custom or policy. Accordingly, the Eighth Amendment supplies the framework for evaluating Defendants' conduct; the existence of any applicable

MODOC policy, and Defendants' compliance or non-compliance with it, is irrelevant.[1] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (causal link necessary for § 1983 liability in individual capacity claim requires proof of direct involvement in constitutional violation). Based on Defendants' motion for summary judgment, which was denied due to these as-yet unresolved discovery issues, it appears that Defendants also recognize that these policies are not relevant to Plaintiff's claims or to their defenses. To the extent Defendants might seek in the future to rely on compliance with MODOC policies in defending against Plaintiff's claims, however, their refusal to produce such policies in discovery would prevent them from doing so. The Court further notes that the deadline for filing dispositive motions in this case remains set for April 15, 2010.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' First Motion for Reconsideration [doc. #141] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [doc. #146] is **DENIED**.

Dated this 16th Day of March, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[1] The Court has also examined page by page every policy and procedure submitted. There is no policy or procedure touching on any issue in this case.